C. W. ROBINSON ET AL. *v.* BOHN MANUFACTURING CO.

PLEADING.    *General issue, what it admits.    Immaterial error.*

In a suit against several on a draft accepted by defendants in the name of a company, the plea of general issue admits the execution of the instrument, and renders immaterial an averment that defendants were partners; and, it appearing that they composed the company, a judgment for plaintiff will not be affected by the failure to reply to a special plea denying the partnership.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

The Bohn Manufacturing Company filed its declaration against A. J. Weems, C. W. Robinson, J. S. Solomon and the First National Bank of Meridian, alleging a partnership between them, under the name of the " Southern Hotel Com-

pany." The suit is on a draft for $1,027, drawn by plaintiff against the company, and accepted in the name of the " Southern Hotel Company, By A. J. Weems, By C. W. Robinson, By J. S. Solomon." For some reason, presumably by oversight, the summons did not embrace the First National Bank, and was not served on it. J. S. Solomon, A. J. Weems and C. W. Robinson jointly pleaded the general issue, and also filed a special plea, verified by the oath of J. S. Solomon, denying that defendants were partners as alleged in the declaration. Plaintiff moved to strike out this plea, because it presented an immaterial issue, and because defendants had not denied the execution of the instrument sued on. No action was taken on the motion, and this special plea was not replied to, and, so far as the record shows, no further notice was taken of it.

Plaintiff offered in evidence the accepted draft, and then introduced defendant Robinson as a witness, and by him proved that the defendants, including the First National Bank, jointly owned the property known as the Southern Hotel, for the improvement of which the debt sued on was contracted, and that they contributed, in proportion to their interests, towards operating it, and, in the same proportion, divided the profits. Objection was made to the testimony of Robinson, on the ground that no replication to the special plea had been filed, and because his testimony tended to show ownership of real estate, about which verbal testimony was not competent. The objection was overruled, as was a motion to exclude plaintiff's evidence, and a peremptory instruction was given the jury to find for the plaintiff, and verdict returned accordingly. Although the summons was not served on the First National Bank, and the pleas did not purport to be filed by it, the judgment recited that "the parties came by their attorneys," and was rendered against all the defendants, including the bank, and all of them have joined in this appeal, and have jointly executed an appeal-bond with supersedeas.

*Miller & Baskin*, for appellants.

No process was served on the bank. It did not appear, and was not a party to the suit. It was error to render a judgment against it. It was not even shown that the bank had accepted the draft, or that it ever heard of the indebtedness.

If it was sought to charge defendants as partners, there should have been proof of the partnership, and issue should have first been taken on the plea denying the partnership. If they were sought to be charged as joint-tenants, for improvements to their common property, it should have been shown that each consented thereto.

*Walker & Hall*, for appellees.

While the record does not show that the bank was summoned, the general issue was filed by three of the defendants, the bank was treated as in court, and the judgment recites the appearance of all the defendants, and is against all.

If there be error as to the bank, it cannot be availed of by the other appellants. Code 1892, § 4378; *Tabler* v. *Mitchell*, 62 Miss., 437; *Terry* v. *Curd*, 66 *Ib.*, 394; *Burks* v. *Burks*, *Ib.*, 494.

CAMPBELL, C. J., delivered the opinion of the court.

The general issue pleaded admits the execution of the instrument sued on by the Southern Hotel Company, which, it appears from both pleadings and evidence, was composed of the three natural persons sued and an artificial person not summoned; and whether they constituted a partnership or not is wholly immaterial, and the statement to that effect in the declaration may be disregarded as surplusage.

Failure to take issue on the plea denying partnership, or to notice it in any way, is no ground for reversal.

*Affirmed.*